*Sophia Vroom, admin'x, &c.* v. *William C. Van Horne et al.* A. Gibbs, for appellants; L. H. Sandford, for respondents. Decided that what may properly be considered the *Lex Domicilii, when applicable.* personal estate of a deceased person is to be treated, for the purposes of succession, as having no other locality than that of the decedent's domicil; and that if he dies intestate the succession is governed by the law which prevails in the place where the decedent was domicilled at the time of his death.

But that the recovery of the property and the distribution *Lex loci rei sitæ.* thereof, after making provision for the payment of the debts of the decedent, must from the necessity of the case, frequently depend upon the *lex loci rei sitæ,* especially when suits are necesssary to enable those who are entitled to the succession to reduce the effects to possession. By the laws of some states and countries, where the decedent has made a will and named an executor to administer his estate, such executor becomes entitled to the possession of the whole of the personal estate of the testator immediately upon his death, and actual probate of the will is only necessary to enable him to recover the property by suit. Such was the English common law, and the law of this state previous to the revised statutes. That where such a law exists, the probate and granting letters testamentary is a mere legal form; for the executor does not derive his title under the letters testamentary, but under the will. He may therefore take possession of the property and receive payment of debts or release a right of action before such letters are granted.

But that in cases of intestacy the right of the administra- *Rights of admir. istrators.* tor, except where he is the person entitled to the succession, must in equity, as at law, depend upon the grant of power to administer, by the proper tribunals. And even where such a grant has been made by the tribunal of the state or country where the decedent was domicilled at the time of his death, the grant cannot extend as a matter of right beyond the territory of the government making the grant. That the rights

of such administrator to recover property or debts belonging to the decedent, beyond the territorial of the government making the grant, and which cannot be reached through the medium of its courts, must of course depend upon the comity of the state or country where the property is situate, or where the debtor or his property on which the debt is a lien is found.

That as a general rule, both in England and in this country, an executor or an administrator, who has been duly authorized to administer the decedent's estate, by the proper tribunal of the place where he was domicilled, to bring a suit in relation to the property in another state or country, must obtain ancillary letters testamentary or of administration where the suit is intended to be brought.

And the chancellor observed that the courts of this state appear to have considered the probate of the will or the grant of letters testamentary in the proper tribunal of the decedent's domicil as sufficient to authorize the executor or administrator to take charge of the property or to receive debts due to the decedent in this state, where there was no conflicting grant here where it can be done without suit.

How far bound by a release. He also decided that where an administratrix appointed in another state executed a release, and afterwards obtained administration in this state, and then filed her bill in this court to avoid such release, she could not be permitted to do so.

That the grant of administration has relation to the death of the intestate, and legalizes all intermediate acts of the administrator.

Decree appealed from affirmed, with costs.